# Commonwealth *v.* Harchar, Appellant.

*Criminal law—Selling liquor without license—Intended use—Medicinal properties—Evidence—Admissibility.*

Upon an indictment for selling liquor without a license in violation of the Act of May 13, 1887, P. L. 108, (Brooks License Law), evidence as to the medicinal properties of the liquid sold and the use to which the purchaser intended to put it was immaterial since it was not responsive to the indictment. Bottles of the liquid sold by the defendant, bearing labels stating that the contents were eighteen per cent alcohol, were admissible in connection with other testimony as to the sale and purchase of the bottles and their contents.

Argued April 12, 1921. Appeal, No. 148, April T., 1921, by defendant, from judgment and sentence of Q. S. Somerset County, Dec. Sessions, 1920, No. 49, on verdict of guilty in the case of Commonwealth of Pennsylvania v. John Harchar. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Indictment for selling liquor without a license. Before BERKEY, P. J.

From the record it appeared that the defendant sold at his store two bottles of Horke Vino, which purported by their labels to contain 18 to 20 per cent alcohol and upon analysis showed an alcoholic content of 18 per cent. In defense he offered to prove that the liquid was approved for medicinal use, under the provisions of the Volstead Act, but objection to that offer was sustained. No other evidence was introduced by the defendant. The Commonwealth introduced in evidence the bottles purchased from the defendant and they were admitted, over the objection of the defendant.

Verdict of guilty upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were refusal to quash the indictment, various rulings on evidence, refusal of new trial, and the sentence of the court.

*Norman T. Boose,* and with him *F. A. Millott,* for appellant.

*W. Curtis Truxal,* District Attorney, for appellee.

OPINION BY HENDERSON, J., July 14, 1921:

All of the material propositions presented for the consideration of the court on this appeal were answered in the case of the Commonwealth v. Vigliotti, 75 Pa. Superior Ct. 366, and in the opinion of the Supreme Court in

the same case filed May 26, 1921. A restatement of the reasons on which the decisions are based is unnecessary.

The offers of evidence contained in the second, third and fifth assignments were not responsive to the indictment and were therefore properly excluded. The Commonwealth's evidence objected to in the fourth assignment was competent. The testimony showed that the contents of the package contained 18% of alcohol and the exhibits were admissible in connection with the other evidence.

The assignments are overruled; the judgment is affirmed, and the record remitted to the court below. And it is ordered that the defendant appear in that court at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.